Louis J. Capozzoli, J.
This is an article 78 CPLR proceeding which seeks to review and annul a determination made by the respondent in adopting a new regulation affecting taxicabs known as “ New Specification for Outside Roof Lights on Taxicabs ”. This proceeding, aside from the above-requested relief, seeks injunctive relief and declaratory judgment which are not available under an article 78 proceeding.
Petitioner does not attack the respondent’s power to issue such a regulation nor does he maintain that the regulation is beyond the scope of the respondent’s authority. Petitioner contends that in issuing the new regulation, the respondent was arbitrary and capricious in requiring taxicab owners to dispose of the roof lights previously installed in accordance with the prior regulation. He maintains that the present regulation violates the proper standards laid down by the respondent, arguing that the old specification No. 30 has been complied with and should not now be disregarded, and that the new specification No. 30 requires a new roof light now, even though some owners will purchase, within a short period of time, new taxicabs. Such owners will be required to dispose of the roof lights now purchased.
It appears that prior to the promulgation of the new specification for roof lights, the Hack Bureau had received many complaints from the public stating that unengaged taxicabs had ignored their “ hail ” and passed them by, and that they could not observe the medallion numbers or license plate numbers because the taxicabs went by too quickly or other vehicles obscured their view or they were too far away to see the numbers. Other complaints were lodged also.
The new specifications are designed to overcome these complaints by serving the following purposes: “1. They will clearly indicate to the public when a taxicab is available for hire. 2. They will clearly indicate when the taxicab is off duty. 3. They will provide the public with a simplified method of identification of taxicabs by having the medallion number displayed on the roof light. 4. On an optional basis, they will provide a means for drivers to signal when a crime is committed or attempted.”
Prior to the promulgation of the specification, representatives of the major fleet owners, as well as owner organizations, were called to a conference at the Hack Bureau on July 1, 1964, to discuss the proposed new roof lights. Included in this *83 conference were the petitioner (Leon Tench) and Sol Baron who submitted an affidavit in support of the petition. No objections were raised at that time to the need for the proposed roof lights. Subsequently, on July 22, 1964, the Hack Bureau adopted new specifications for outside roof lights for taxicabs, which were promulgated as part of the rules and regulations by the Police Commissioner on August 4, 1964, filed with the City Clerk on August 6, 1964 and published in the City Record on September 15, 1964. The new specifications were also published in the trade periodicals of the taxicab industry.
Taxicab owners were afforded a period of approximately four months, from the date of promulgation to December 1, 1964, to comply with the new specifications. Difficulties arose in the manufacture of the roof light, and pursuant to inquiries by taxicab owners for extensions, they were notified that, if they had ordered new roof lights and had made a future appointment for their installation or if in installing them themselves they had run into technical difficulties, short adjournments for a period of no longer than a month, upon evidence of good faith, would be granted.
The Legislature of this State has expressly declared the taxicab industry to be vested with a public interest because it is a vital and integral part of the transportation facilities of the city and ‘ ‘ its regulation is therefore necessary ’ ’ (Administrative Code of City of N. Y., § 436-2.0, subd. a, par. 1). It has authorized the Police Commissioner to promulgate rules and regulations for the supervision and operation of taxicabs to protect public interest. (New York City Charter, § 436; Administrative Code, § 436-2.0, subd. 1.) In Matter of Rudack v. Valentine (163 Misc. 326, affd. 274 N. Y. 615) statutes regulating the taxicab industry were upheld as a valid exercise of public power.
The uncontradicted facts as revealed from the papers submitted amply disclose that the new regulations for outside roof lights were promulgated after a need for such lights was found to exist to protect and serve the public interest, and after representatives of the taxicab industry were consulted. Adequate time for installation was provided and additional time is being granted where technical difficulties and good faith have been shown, and any protracted period of delay would effectively destroy the effectiveness of the new regulation. Further, since a new taxicab bears the same medallion number as the one it replaces, the new roof lights can be readily and inexpensively removed from one taxicab and transferred to another. These regulations were adopted by the licensing authority for *84 the public interest and only after affording petitioners every opportunity to raise objections thereto. The record before this court clearly establishes a substantial basis to support the respondent’s determination, and it cannot therefore be deemed arbitrary or capricious. Accordingly, the application is denied and the petition is dismissed.
Petitioner and others similarly situated are directed to comply with new specification No. 30 within 30 days after publication hereof.