Darwin W. Telesford, J.
Petitioner moves for a temporary injunction, restraining respondents, pendente lite, from implementing tlie regulations attacked in this article 78 proceeding. Determination of this application is based upon petitioner’s demonstration of a clear right to the ultimate relief requested. This court is guided by the decision in the analogous case of Matter of Teuch v. Murphy (45 Misc 2d 81). There, attack was made upon a regulation of the respondent Police Commissioner which required taxicabs within that respondent’s jurisdiction to maintain roof lights in the vehicles containing certain devices for disseminating information to the public. In this proceeding, attack is made upon the determination of respondents; the Police Commissioner and a member of his department in charge of regulating taxicabs, as well as the Chairman of the Taxicab Task Force appointed by the Mayor, with respect to requiring a partition between the front and rear seats of all taxicabs operating for hire between 8:30 p.m. and 6:30 a.m.
Much of the petitioner’s argument is based upon the claim that the regulation constitutes an improper deprivation of the taxi owner’s property, and an unwarranted interference with such owner’s right to use his property in the manner he sees fit. As stated in Matter of Teuch (supra p. 83): “ The Legislature of this State has expressly declared the taxicab industry to be vested with a public interest because it is a vital and integral part of the transportation facilities of the city and ‘ its regulation is therefore necessary ’ (Administrative Code of City of N. Y., § 436-2.0, subd. a, par. 1). It has authorized the Police Commissioner to promulgate rules and regulations for the supervision and operation of taxicabs to protect public interest. (New York City Charter, § 436; Administrative Code, § 436-2.0, subd. 1.) In Matter of Rudack v. Valentine (163 Misc. 326, affd. 274 N. Y. 615) statutes regulating the taxicab industry were upheld as a valid exercise of public power. ’ ’ One who chooses to engage in a publicly regulated business, such as the taxicab business, by so doing surrenders his right to unfettered discretion as to how to conduct same.
*178 Procedurally, the manner in which the regulation concerned was adopted was clearly proper. Adequate notice thereof was given and opportunity to be heard afforded those interested. Substantively, the regulation’s subject matter lies within the power of respondents to regulate. Further the mandating of use of a partition is designed, obviously to protect against robberies and assaults against taxi drivers — a matter which has been the subject of much public discussion — and it is reasonably designed to achieve that end. Accordingly the motion must be and is denied, for petitioner has not demonstrated any clear right to the ultimate relief requested. Further, consideration of the adoption of the regulation by the city, effective months thereafter, was announced by the city months ago. Petitioner, by waiting until now to seek temporary relief, is guilty of laches, for many in the industry, it may be assumed, have incurred expenses in reliance upon the regulation.